UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AB'S SEAFOOD, LLC, DAVID CHAUVIN'S SEAFOOD COMPANY, DULAC OYSTER CO., DARDAR OYSTERS, LLC, FAITH FAMILY SHRIMP CO., SHRIMP KINGDOM SEAFOOD, LLC, TERRY LUKE, JR., CORINA CORINA SEAFOOD, LLC, LUKE'S SEAFOOD, LLC, BENNY J. BLANCHARD, JASON CABANILLA, RICKY TRAHAN, OTIS CANTRELLE, JR., JAMES G. LAUGHLIN AND PERCY DARDAR SR., LLC | CIVIL ACTION NO: <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: <br><br> **JURY REQUESTED** |
| VERSUS | |
| HILCORP ENERGY COMPANY | |

## NOTICE OF REMOVAL

Defendant Hilcorp Energy Company ("Hilcorp") removes this oil spill action from the 32nd Judicial District Court, Parish of Terrebonne, Louisiana, to the United States District Court for the Eastern District of Louisiana because this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a), 1332(d), 1441, and 1446, and 33 U.S.C. § 2717(b). In support of removal, Hilcorp states as follows:

### BACKGROUND

1. On August 7, 2023, Plaintiffs filed a Petition for Damages and Recognition as a Class Action ("Petition") in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, seeking compensation for alleged economic harm and other damages allegedly related to an oil spill. The state court action is captioned and numbered *AB's Seafood, LLC, et al. versus Hilcorp Energy Company*, bearing Civil Action No. 197242, Division "E." A copy of

the Petition, together with all other materials contained in the state court record, is attached hereto as Exhibit "A," as required by 28 U.S.C. §§ 1446(a) and 1447(b).

2.     Hilcorp has not yet been served with the Petition or any other materials related to the lawsuit. Accordingly, this Notice of Removal is timely. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (holding that "service of process is not an absolute prerequisite to removal"); *Chastain v. New Orleans Paddlewheels, Inc.*, No. 21-1581, 2021 WL 5578443, at *5 (E.D. La. Nov. 30, 2021) ("The Fifth Circuit has upheld the right of a defendant to remove a case to federal court prior to formal service.").

3.     Hilcorp is the only named defendant, and therefore there are no other defendants whose consent for removal is required. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that only "defendants who have been properly joined and served must join in or consent to the removal of the action").

4.     Hilcorp has not filed any responsive pleadings in the 32nd Judicial District Court for the Parish of Terrebonne in connection with this action.

5.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1332(a) and (d), and 33 U.S.C. § 2717(b).

### FEDERAL QUESTION JURISDICTION

6.     This Court has original jurisdiction over Plaintiffs' claims because the alleged theories of liability and damages sought here arise under the laws of the United States—specifically, the Oil Pollution Act. *See* 28 U.S.C. § 1331; 33 U.S.C. § 2717(b).

7.     The Oil Pollution Act (the "OPA") was enacted to provide a prompt, federally coordinated response to spills of "oil of any kind or in any form," and it enforces removal of

spilled oil and assigns liability for the cost of cleanup and damages to "responsible parties," as defined by the OPA. 33 U.S.C. § 2701(23).

8. The OPA "embodies the exclusive remedy for oil-removal claims that fall within the statute's ambit." *Savage Servs. Corp. v. United States*, 25 F.4th 925, 943 (11th Cir. 2022) (citing *United States v. Am. Com. Lines, L.L.C.*, 759 F.3d 420, 424–25 (5th Cir. 2014) (holding the OPA's "balanced and comprehensive remedial scheme provides the exclusive remedy for a claimant to recover statutory removal costs from a responsible party" because "when Congress enacts a carefully calibrated liability scheme with respect to specific remedies, the structure of the remedies suggests that Congress intended for the statutory remedies to be exclusive")); *see also Tanguis v. M/V Westchester*, 153 F. Supp. 2d 859, 867 (E.D. La. 2001) (noting the OPA provides a "comprehensive framework in the area of marine oil pollution").

9. Pursuant to the OPA's jurisdictional grant, federal courts have exclusive jurisdiction over claims arising under the OPA. *See* 33 U.S.C. § 2717(b) ("[T]he United States district courts shall have exclusive original jurisdiction over all controversies arising under this Act . . . ."). As a result, claims arising under the OPA are removable to federal court. *See Tanguis*, 153 F. Supp. 2d at 869 ("[T]he Court concludes that OPA claims arise under the 'Constitution, treaties or laws of the United States' and are removable to federal court.").

10. Plaintiffs are suing Hilcorp based on the alleged collapse of an oil storage tank and related spill of "approximately 14,000 gallons of crude oil" into waters off the coast of Louisiana. *See* Exh. A, Pet. at ¶ 2.

11. Plaintiffs allege that they have "suffer[ed] economic harm" and other damages as result of the oil spill. *Id.* at ¶ 34.

3

12. Plaintiffs allege that Hilcorp is "is liable for all of the damages that Plaintiffs and the Class has suffered as a result of the oil spill, pursuant to the Oil Pollution Act." *Id.* at ¶ 45.

13. Specifically, Plaintiffs allege that Hilcorp was designated as the "responsible party" for the spill under the OPA and state that "[t]he Oil Pollution Act imposes liability upon a responsible party . . . for the damages that result from" an oil discharge. *See* Exh. A, Pet. at ¶¶ 44–45; *see also* 33 U.S.C. §§ 2701(32), 2702.

14. Hilcorp's alleged liability for damages related to the spill therefore arises from and is governed by the OPA. *See* 33 U.S.C. §§ 2701, 2702.

15. While Plaintiffs assert state-law causes of action in addition to their OPA claim, the Court may exercise supplemental jurisdiction over Plaintiffs' other claims under 28 U.S.C. § 1367 because the claims are "so related to claims in the action" with this Court's original federal question jurisdiction so "that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *see also Tanguis*, 153 F. Supp. 2d at 869 (finding jurisdiction over both state law causes of action and OPA claim).

16. Accordingly, this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 33 U.S.C. § 2717(b) because they arise under the laws of the United States, specifically the OPA.

**CLASS ACTION FAIRNESS ACT**

17. In the alternative, Plaintiffs' petition is removable to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members who are seeking to recover in excess of $5,000,000, and there is minimal diversity.

18. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. To that end, CAFA expressly provides that class actions filed in state court are removable to federal court. CAFA expanded federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction for a putative class containing at least 100 members where any member of the putative class is a citizen of a state different from that of any defendant, and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

19. This suit satisfies all the requirements under CAFA for federal jurisdiction. Based on the allegations in Plaintiffs' Petition: (1) the putative class exceeds 100 members; (2) some of the members of the proposed class have a different citizenship from Hilcorp; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

### *The Putative Class Size Exceeds One Hundred*

20. CAFA requires that the class consist of at least one hundred persons. *See* 28 U.S.C. § 1332(d)(5).

21. Plaintiffs filed their Petition on behalf of a proposed class of "[a]ll individuals and entities that claim economic losses, or damages to their occupations, businesses, and/or property as a result of Hilcorp Energy Company's August 8, 2022 oil spill in Terrebonne Bay." *See* Exh. A, Pet. at ¶ 10. Plaintiffs allege that "the proposed Class likely contains *hundreds if not thousands of members*." *See id.* at ¶ 14 (emphasis added).

22. Plaintiffs have therefore specifically alleged that the class consists of at least one hundred members, satisfying CAFA's putative class size requirement.

*Minimal Diversity Exists*

23. The second CAFA requirement is minimal diversity—at least one putative class member must be a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2).

24. Here, the first named plaintiff and a purported representative of the putative class, AB's Seafood LLC, is a limited liability company whose member is Alexson Billiot, an individual domiciled in Louisiana. *See* Exh. B, Louisiana Secretary of State filings for AB's Seafood, LLC; *see infra* ¶¶ 48–49. Therefore, AB's Seafood, LLC is a citizen of Louisiana.

25. Hilcorp, the only defendant, is incorporated under the laws of Texas with its principal place of business in the State of Texas. *See* Exh. C, Texas Secretary of State filings for Hilcorp Energy Company; *see infra* ¶¶ 58–59. Therefore, Hilcorp is a citizen of Texas.

26. Further, all the other named plaintiffs are also citizens of Louisiana, and are therefore diverse from Hilcorp, a Texas citizen. *See infra* ¶¶ 41–57.

27. Because a member of the plaintiff class is geographically diverse from a defendant, minimal diversity exists here in satisfaction of CAFA's prerequisite. *See* 28 U.S.C. § 1332(d)(2).

*The Amount in Controversy Exceeds $5,000,000*

28. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

29. The petition is silent as to the amount in controversy, as required by Louisiana law. *See* La. Code Civ. Proc. art. 893(a). Therefore, Hilcorp as the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000

for the putative class in the aggregate. *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings." *Id.*

30. Plaintiffs allege that Hilcorp is responsible for spilling "approximately 14,000 gallons of crude oil" into Terrebonne Bay, resulting in damage to "waters which . . . are home to hundreds of sensitive animal species, and serve as the backbone of the local economy." *See* Exh. A, Pet. at ¶¶ 2, 4.

31. Plaintiffs purport to represent a class of "[a]ll individuals and entities that claim economic losses, or damages to their occupations, businesses, and/or property as a result of Hilcorp Energy Company's August 8, 2022 oil spill in Terrebonne Bay." *Id.* at ¶ 10.

32. Plaintiffs allege damage to themselves and members of the putative class including economic harm, injury to earning capacity, property damage, diminution of value of real estate, and loss of income. *Id.* at ¶¶ 25, 34, 42.

33. In their prayer, Plaintiffs seek "all recoverable compensatory, statutory, and other damages sustained by Plaintiffs and the Class, including all relief allowed under applicable laws," as well as "attorneys' fees and costs." *Id.* at 9.

34. Plaintiffs allege that the putative class "contains hundreds if not thousands of members." *Id.* at ¶ 14. CAFA requires that all putative class members' claims be aggregated. *See* 28 U.S.C. § 1332(d)(6).

35. It is facially apparent from Plaintiffs' petition that the amount in controversy of the putative class claims in aggregate exceeds $5,000,000 (although Hilcorp will contest the merits of these claims). Plaintiffs allege that the class seeks several categories of damages, including lost income, loss of future earning capacity, property damage, and diminution of the

7

value of real estate. Plaintiffs further allege that the class contains "hundreds if not thousands of members" who suffered these damages as a result of "the oil spilled by Hilcorp [that] affected the seafood industry, shrimp, crab, oyster and the supporting eco-systems."

36. Plaintiffs also seek attorneys' fees. A claim for attorney's fees is a part of the amount in controversy if the fees are provided for by state law. *See Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). Under Louisiana Code of Civil Procedure article 595, class representatives are entitled to recover their reasonable expenses of litigation, including attorney's fees, if successful. La. Code Civ. Proc. art. 595(A). Such attorneys' fees are "attributable to the class representatives for purposes of the court's calculation of the amount in controversy." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 876 (5th Cir. 2002). Attorneys' fees in the amounts of $850,000 and $1,500,000 have been awarded in other class actions pursuant to article 595 of the Louisiana Code of Civil Procedure. *See Etter v. Hibernia Corp.*, 2006-0646, pp. 13–15 (La. App. 4 Cir. 2/14/07), 952 So. 2d 782, 792–93; *Vela v. Plaquemines Parish Government*, 2000-2221, pp. 24–28 (La. App. 4 Cir. 3/13/02), 811 So. 2d 1263, 1279–81.

37. It is therefore facially apparent from the petition that Plaintiffs' and the thousands of class members' claims for lost income, lost earning capacity, property damage, and diminution in property value, as well as Plaintiffs' claims for attorneys' fees, exceed $5,000,000 in the aggregate.

38. With over one hundred putative class members, minimal diversity of citizenship between the parties, and the amount in controversy exceeding $5,000,000, the Court has jurisdiction over this matter pursuant to CAFA. The action may therefore be removed to federal court pursuant to 28 U.S.C. § 1332(d).

**DIVERSITY JURISDICTION**

39. In the alternative, this Court additionally has ordinary diversity jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(a) because (i) complete diversity exists among the proper parties to the case, and (ii) the amount in controversy exceeds $75,000, exclusive of costs and interest.

*The Properly Joined Parties Are Completely Diverse*

40. Plaintiffs are natural persons and limited liability companies.

*Natural person plaintiffs*

41. A natural person's citizenship is determined by the state in which he or she is domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.").

42. On information and belief, Plaintiff Terry Luke, Jr. is domiciled in Louisiana. Accordingly, he is a citizen of Louisiana.

43. On information and belief, Plaintiff Benny J. Blanchard is domiciled in Louisiana. Accordingly, he is a citizen of Louisiana.

44. On information and belief, Plaintiff Jason Cabanilla is domiciled in Louisiana. Accordingly, he is a citizen of Louisiana.

45. On information and belief, Plaintiff Ricky Trahan is domiciled in Louisiana. Accordingly, he is a citizen of Louisiana.

46. On information and belief, Plaintiff Otis Cantrelle, Jr. is domiciled in Louisiana. Accordingly, he is a citizen of Louisiana.

47. On information and belief, Plaintiff James G. Laughlin is domiciled in Louisiana. Accordingly, he is a citizen of Louisiana.

*Limited liability company plaintiffs*

48. "[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

49. Plaintiff AB's Seafood, LLC is a limited liability company whose member is Alexson Billiot, an individual domiciled in Louisiana. *See* Exh. B, Louisiana Secretary of State filings for AB's Seafood, LLC. Therefore, AB's Seafood, LLC is a citizen of Louisiana. On information and belief, no members of AB's Seafood, LLC are citizens of Texas.

50. Plaintiff David Chauvin's Seafood Company, LLC is a limited liability company whose members, on information and belief, are Kimberly Chauvin and David Chauvin, individuals domiciled in Louisiana. *See* Exh. D, Louisiana Secretary of State filings for David Chauvin's Seafood Company, LLC. Therefore, David Chauvin's Seafood Company, LLC is a citizen of Louisiana. On information and belief, no members of David Chauvin's Seafood Company, LLC are citizens of Texas.

51. Plaintiff Dulac Oyster Company, LLC is a limited liability company whose member, on information and belief, is Kenneth Templet, an individual domiciled in Louisiana. *See* Exh. E, Louisiana Secretary of State filings for Dulac Oyster Company, LLC. Therefore, Dulac Oyster Company, LLC is a citizen of Louisiana. On information and belief, no members of Dulac Oyster Company, LLC are citizens of Texas.

52. Plaintiff Dardar Oysters, LLC is a limited liability company whose member Stephanie Gamble is legal representative of Percy B. Dardar, Sr.'s estate. *See* Exh. F, Louisiana Secretary of State filings for Dardar Oysters, LLC. On information and belief, Stephanie Gamble

is a domiciliary and citizen of Louisiana. *See id.* Further, to the extent that the estate of Percy B. Dardar, Sr. is the true member, as legally represented by Gamble, on information and belief, Percy B. Dardar, Sr., was a domiciliary and citizen of Louisiana. *See* Exh. G, Obituary of Percy B. Dardar, Sr.; *see also* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]"). Additional members Walter Guidry and Alvin Dardar are domiciled in Montegut, Louisiana. *See* Exh. F, Louisiana Secretary of State filings for Dardar Oysters, LLC. Therefore, Dardar Oysters, LLC is a citizen of Louisiana. On information and belief, no members of Dardar Oysters, LLC are citizens of Texas.

53. Plaintiff Faith Family Shrimp Company, LLC is a limited liability company whose members are Angela Portier and Chad Portier, individuals domiciled in Louisiana. *See* Exh. H, Louisiana Secretary of State filings for Faith Family Shrimp Company, LLC. Therefore, Faith Family Shrimp Company, LLC is a citizen of Louisiana. On information and belief, no members of Faith Family Shrimp Company, LLC are citizens of Texas.

54. Plaintiff Shrimp Kingdom Seafood, LLC is a limited liability company whose member is Tracey Trahan, an individual domiciled in Louisiana. *See* Exh. I, Louisiana Secretary of State filings for Shrimp Kingdom Seafood, LLC. Therefore, Shrimp Kingdom Seafood, LLC is a citizen of Louisiana. On information and belief, no members of Shrimp Kingdom Seafood, LLC are citizens of Texas.

55. Plaintiff Corina Corina Seafood, LLC is a limited liability company whose member, on information and belief, is Corina Mobley, an individual domiciled in Louisiana. *See* Exh. J, Louisiana Secretary of State filings for Corina Corina Seafood, LLC. Therefore, Corina

Corina Seafood, LLC is a citizen of Louisiana. On information and belief, no members of Corina Corina Seafood, LLC are citizens of Texas.

56. Plaintiff Luke's Seafood, LLC is a limited liability company whose members are Trudy A. Luke and Timothy Luke, individuals domiciled in Louisiana. *See* Exh. K, Louisiana Secretary of State filings for Luke's Seafood, LLC. Therefore, Luke's Seafood, LLC is a citizen of Louisiana. On information and belief, no members of Luke's Seafood, LLC are citizens of Texas.

57. Plaintiff Percy Dardar Sr., LLC is a limited liability company whose member Stephanie Gamble is legal representative of Percy B. Dardar, Sr.'s estate. *See* Exh. L, Louisiana Secretary of State filings for Percy Dardar Sr., LLC. On information and belief, Stephanie Gamble is a domiciliary and citizen of Louisiana. *See id.* Further, to the extent that the estate of Percy B. Dardar, Sr. is the true member, as legally represented by Gamble, on information and belief, Percy B. Dardar, Sr., was a domiciliary and citizen of Louisiana. *See* Exh. G, Obituary of Percy B. Dardar, Sr.; *see also* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]"). Therefore, Percy Dardar Sr., LLC is a citizen of Louisiana. On information and belief, no members of Percy Dardar Sr., LLC are citizens of Texas.

*Defendant*

58. A corporation's citizenship is determined by its place of incorporation and the location of its principal place of business. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]").

12

59. Defendant Hilcorp Energy Company is a corporation formed under the laws of Texas with its principal place of business in the State of Texas. *See* Exh. C, Texas Secretary of State filings for Hilcorp Energy Company. Therefore, Hilcorp is a citizen of Texas.

60. Accordingly, all Plaintiffs are citizens of Louisiana. Hilcorp, the only defendant, is a citizen of Texas. Complete diversity therefore exists among the parties in the case, satisfying the requirement of 28 U.S.C. § 1332(a).

### *The Amount In Controversy Exceeds $75,000*

61. The petition is silent as to the amount in controversy, as required by Louisiana law. *See* La. Code Civ. Proc. art. 893(a). Therefore, Hilcorp as the removing party must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). A removing party may meet this burden by demonstrating that it is facially apparent from the petition that the claims are likely to exceed $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. *Id.*; *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (same).

62. Plaintiffs allege that Hilcorp is responsible for a spill of "approximately 14,000 gallons of crude oil" into Terrebonne Bay, resulting in damage to "waters which . . . are home to hundreds of sensitive animal species, and serve as the backbone of the local economy." *See* Exh. A, Pet. at ¶¶ 2, 4.

63. Plaintiffs allege that they "support themselves and their families by harvesting shrimp, crab, oysters and bait from these waters," and claim that the spill occurred at the "wors[t] time" because it "occurred on the first day of Louisiana's inshore shrimp season and consequently had a significant impact on local fisherman." *Id.* at ¶¶ 4–5.

64. Plaintiffs allege that they suffered damages including economic harm; injury to earning capacity; property damage; diminution of value of real estate; loss of income. *Id.* at ¶¶ 25, 34, 42.

65. In their prayer, Plaintiffs seek "all recoverable compensatory, statutory, and other damages sustained by Plaintiffs, . . . including all relief allowed under applicable laws," as well as "attorneys' fees and costs." *Id.* at 9.

66. Here, it is facially apparent that the amount in controversy likely exceeds $75,000. Plaintiffs represent that a spill of 14,000 gallons of oil significantly impacted their livelihoods and caused damages including lost income, loss of future earning capacity, property damage, and diminution of the value of real estate. Plaintiffs also seek attorneys' fees, which are recoverable under Louisiana law and should be considered for purposes of determining the amount in controversy. *See* La. Code Civ. Proc. art. 595(A); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 876 (5th Cir. 2002).

67. It is therefore facially apparent from the petition that Plaintiffs' and the thousands of class members' claims for lost income, lost earning capacity, property damage, and diminution in property value, as well as Plaintiffs' claims for attorneys' fees, exceed $75,000. Attorneys' fees in the amounts of $850,000 and $1,500,000 have been awarded in other class actions pursuant to article 595 of the Louisiana Code of Civil Procedure. *See Etter v. Hibernia Corp.*, 2006-0646, pp. 13–15 (La. App. 4 Cir. 2/14/07), 952 So. 2d 782, 792–93; *Vela v. Plaquemines Parish Government*, 2000-2221, pp. 24–28 (La. App. 4 Cir. 3/13/02), 811 So. 2d 1263, 1279–81.

68. So long as one Plaintiff's claims satisfy the amount-in-controversy requirement, this Court may exercise supplemental jurisdiction over the claims of all other Plaintiffs,

regardless whether they independently satisfy the requirement. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558–59 (2005).

69. With complete diversity of citizenship between the parties and the amount in controversy exceeding $75,000, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). The action may therefore be removed to federal court under 28 U.S.C. § 1441(b).

## VENUE AND PROCEDURAL COMPLIANCE

70. The 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana is located within the United States District Court for the Eastern District of Louisiana. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a) and 28 U.S.C. § 98(a).

71. In addition, pursuant to 28 U.S.C. § 1446(a), Hilcorp has also attached a copy of all process, pleadings, and orders included in the state court record of the date of this filing. *See generally* Exh. A.

72. Hilcorp has not yet been served with Plaintiffs' Petition. *See generally* Exh. A. Under 28 U.S.C. § 1446(b)(1), the 30-day window to remove does not begin until Hilcorp is served with Plaintiff's Petition. *See City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("[A] defendant's thirty-day removal period commences on formal service of process[.]"). Therefore, this removal is timely.

73. In addition, this Notice of Removal comes less than one year after commencement of the state court action, as required for cases removed on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1446(c)(1).

74. Because Hilcorp is the only defendant in this case, there are no other defendants "properly joined and served" to join in or consent to this removal. *See generally* 28 U.S.C. § 1446(b)(2)(A).

75. As required by 28 U.S.C. § 1446(d), Hilcorp will promptly file written notice of this removal in the 32nd Judicial District Court for Terrebonne Parish, State of Louisiana, and serve the Plaintiffs.

76. Hilcorp does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in these proceedings.

77. If any question arises as to the propriety of this removal, Hilcorp requests the opportunity to present further briefing and argument in support of removal, or to conduct limited discovery into jurisdictional issues, if necessary.

## CONCLUSION

Hilcorp hereby removes this lawsuit to this Court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446, 33 U.S.C. § 2717, and all other applicable laws and rules.

Respectfully submitted,

 */s/ Alexandra L. Gjertson*
Craig Isenberg, 29603 (T.A.)
Michael A. Balascio, 33715
Alexandra L. Gjertson, 39893
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Telephone:  504-589-9700
Facsimile:  504-589-9701
cisenberg@barrassousdin.com
mbalascio@barrassousdin.com
agjertson@barrassousdin.com

and

Charles A. Mouton, 17721
Jared L. Foti, 32813
MAHTOOK & LAFLEUR
P.O. Box 3089
Lafayette, Louisiana  70502
Telephone:  337-266-2189
Facsimile:  337-266-2303
cmouton@mandllaw.com
jfoti@mandllaw.com

*Attorneys for Hilcorp Energy Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel by facsimile, electronic mail and/or by placing a copy of same in the United States Mail, postage prepaid and properly addressed, this 2nd day of November, 2023.

*/s/  Alexandra L. Gjertson*